## WILLIAMSON HEATER CO v RADICH et

Ohio Appeals, 2nd Dist, Franklin Co

No 2317.  Decided July 6, 1933

Morton, Blanchard & Touvelle, Columbus, for plaintiff in error.

B. B. Friedman, Columbus, for defendants in error.

### OPINION

By THE COURT

This is a proceeding to enforce a mechanic's lien.  The facts are not disputed.  The case was submitted upon a stipulation or agreed statement of facts which shows that plaintiff furnished and installed a furnace in the premises against which plaintiff sought to foreclose its mechanic's lien.  The stipulation shows that the furnace was not paid for and that there is due the plaintiff for such furnace the sum of $150.00.

The preliminary steps taken by the plaintiff to obtain a mechanic's lien are set forth in detail in such stipulation.  Counsel for plaintiff in error on page 3 of their brief concede that but one question is presented to this court for consideration, viz., does §8312, GC, require a sub-contractor to serve a preliminary affidavit or statement upon the owner of the premises as well as upon the original contractor?

It will be unnecessary to quote §8312, GC, in detail or to further recite the facts contained in the agreed statement of facts.  Counsel are thoroughly familiar with the same.

This question was presented to this court sometime ago upon a demurrer to the petition.

On February 3, 1931, this court passed upon the demurrer and held that the plaintiff was a subcontractor as distinguished from a material man and held that the lower court properly sustained a demurrer to the petition and the judgment of the lower court was therefore affirmed.

The decision of this court was based upon the case of **Matzinger v The Harvard Lumber Company, 115 Oh St, 555.**

An application for a rehearing was filed and this court upon such rehearing on March 24, 1931, adhered to its original opinion that the Williamson Company was a subcontractor and not a material man and that under the first branch of the syllabus in the case of Matzinger v The Lumber Company, above referred to, this court held that while the subcontractor under §8312 GC, is required to serve his notice on the principal contractor, he is also bound to see that notice thereof is given to the owner.  The portion of §8312, GC, quoted in the opinion of this court upon the rehearing was as follows:

"Until the statements provided in the section are made and furnished in the manner and form as hereinbefore provided * * * the subcontractor shall have no right of action or lien against the owner, part owner, lessee or contractor until he shall have furnished such notice."

We further held that the burden of giving notice to the owner rested upon the subcontractor as well as the principal contractor, and unless such notice was given there could be no right of action brought even by the subcontractor.

Upon this rehearing we again reviewed the allegations of the petition and under one averment of the petition, namely, "That to secure payment for the furnishing and

594

installation of said furnace it (the subcontractor) served by registered mail an affidavit of contract showing the facts required by law." We held that the petition was good as against a general demurrer, especially in the absence of a motion to make the petition more definite and certain and overruled the same. Upon such rehearing we construed the averments of the petition liberally and not strictly.

The facts that are now conceded by the agreed statement of facts, were passed upon against the plaintiff in error upon the original hearing and also on the subsequent rehearing.

Counsel for plaintiff have presented a very forceful brief which we have considered with care. The arguments contained in such brief are quite persuasive and if we considered it an open question, we would be impressed therewith.

If the principle announced in the first paragraph of the syllabus in the Matzinger case was merely contained in the opinion or argument of the judge handing down the opinion we might be at liberty to disregard the same.

It however appears in the syllabus of the case and it is well known to counsel that the syllabus constitutes the law of a case.

The first paragraph of the syllabus of this case is as follows:

"(1) The provisions of §8312, GC, requiring notice to be served upon the owner of a structure being erected under contract, apply to the **contractor** and **subcontractor** but not to material men."

(The black face is ours).

If the above paragraph of the syllabus is the law, then it is decisive of the case at bar. Counsel for plaintiff call attention to the fact that the only question before the court in the Matzinger case related to a construction of §8312 GC, so far as a materialman was concerned and therefore the Supreme Court carelessly included the words "and subcontractor" in this paragraph of the syllabus.

Counsel for plaintiff therefore suggest that this court should have the courage to correctly interpret §8312, GC.

As above stated, we are impressed with the argument of counsel for plaintiff, but cannot escape the conclusion that an attempt to overrule the first paragraph of the syllabus in the Matzinger case would not be an exhibition of courage upon our part so much as it would be a violation of the well recognized rule that it is the

duty of the lower courts to follow the rulings of superior courts.

The judgment of the lower court will be affirmed.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.